**JI FANG TIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–1961–ag.

United States Court of Appeals, Second Circuit.

April 21, 2006.

Jianhua Zhong, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Mary Catherine McCulloch, Assistant United States Attorney, Albuquerque, New Mexico, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ji Fang Tian petitions, through counsel, for review of the BIA's denial of his motion to reconsider its previous affirmance of the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and the IJ's finding that Tian had filed a frivolous asylum application. We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). A motion to reconsider " 'is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.' " *Id.* (quoting *In re Cerna*, 20 I. & N. Dec. 399, 403 n. 2, 1991 WL 353528 (BIA 1991)). The BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected. *See Jin Ming Liu*, 439 F.3d at 111.

■ The IJ found Tian not credible based on a number of inconsistencies and implausibilities in Tian's testimony, as well as a Forensics Department Lab ("FDL") report concluding that Tian's Chinese identification card ("ID") was counterfeit. The IJ also found that Tian had knowingly filed a frivolous application for asylum, concluding that "knowing" or "deliberate" prong had been satisfied by the finding in the FDL report. In his appellate brief and motion to reconsider, Tian made substantially similar arguments to the BIA as to why it should vacate the IJ's adverse cred-

ibility determination. Therefore, it was not an abuse of discretion for the BIA to decline reconsideration of these arguments that were previously rejected. *Id.*

■ However, Tian raised new arguments regarding the frivolousness finding and the purportedly counterfeit ID in his motion to reconsider, and IJ's finding in this regard is plainly flawed. The regulations provide that an asylum application is frivolous if the applicant has deliberately fabricated any of its material elements. 8 C.F.R. § 1208.20. Although the IJ and BIA were permitted not to accept Tian's arguments as to how he had no knowledge that his ID was counterfeit, some evidence that Tian in fact knew that a material element of his claim was fabricated needed to be articulated. Because neither the agency nor the government offered such evidence, the frivolousness determination will be reversed. Because the BIA previously considered and rejected Tian's arguments regarding the IJ's adverse credibility finding, it is unnecessary to remand to the BIA simply for reconsideration of the frivolous finding. *See* 439 F.3d at 111.

For the foregoing reasons, the petition for review is GRANTED, in part, and the IJ's frivolousness finding is REVERSED. The petition is DENIED as to the underlying claims for relief. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).