late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Xue Tuan CHEN, Ji Hua Liu, Xiao Xia Chen, Jian Sheng Chen, Petitioners,**

v.

**US DEPT. OF JUSTICE, Board of Immigration Appeals, Alberto R. Gonzales\*, Attorney General, Respondents.**

**No. 03–40340–ag.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

Present: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, PETER W. HALL, Circuit Judges.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**SUMMARY ORDER**

Petitioners Xue Tuan Chen, Ji Hua Liu, Xiao Xia Chen, and Jian Sheng Chen (the "Chens"), natives and citizens of China, seek review of a May 14, 2003 order of the BIA denying their motion to reopen the BIA's October 10, 2002 affirmance of the October 25, 1999 decision of Immigration Judge ("IJ") Alan A. Vomacka, denying the Chens' application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xue Tuan Chen*, No. A 72 022 718 (B.I.A. May 14, 2006); *In re Ji Hua Liu*, No. A 75 929 176 (B.I.A. May 14, 2006); *In re Xiao Xia Chen*, No. A 75 929 177 (B.I.A. May 14, 2006); *In re Jian Sheng Chen*, No. A 75 929 178 (B.I.A. May 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case, and note that only the denial of the motion to reopen is under review because that is the only decision from which the Chens filed a timely petition for review. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur*, 413 F.3d at 233; *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The Chens' brief to this Court invokes a well-founded fear of future persecution

based on their having had two children. As the Chens' new claim of well-founded fear is not independent of the IJ's adverse credibility determination, the BIA did not abuse its discretion in discrediting the motion evidence based solely upon the IJ's initial adverse credibility finding. *Cf. Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir. 2006).

For the foregoing reason, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).