**DE MING CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4464–ag.**

United States Court of Appeals,
Second Circuit.

April 19, 2007.

Thomas V. Massucci, New York, New York, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney; Wayne T. Ault, Assistant United States Attorney, Hammond, Indiana, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. PETER W. HALL, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

### SUMMARY ORDER

Petitioner De Ming Chen, a native and citizen of the People's Republic of China, seeks review of a February 12, 2003 order of the BIA denying his motion to reconsider its prior decision dismissing his appeal. *In re De Ming Chen,* No. A70 909 537 (B.I.A. Feb. 12, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reconsider, this Court reviews the BIA's decision for abuse of discretion. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

Here, the BIA did not abuse its discretion in denying Chen's motion to reconsider. In declining to reconsider its prior decision, the BIA properly relied on Chen's failure to identify any legal or factual error in its prior decision denying his appeal from the IJ's decision. 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao,* 265 F.3d at 90.

Chen argues that the BIA erred by failing to construe his motion as a request to reopen his proceedings in order to seek relief under the CAT. However, because Chen failed to offer material and previously unavailable evidence in support of his new claim, 8 C.F.R. § 1003.2(c)(1), the BIA's denial of Chen's motion would not have even been an abuse of discretion if the motion had been construed as a motion to reopen.

Chen's arguments addressed to the merits of his asylum claim appear to challenge the underlying final order of removal; however, only the BIA's February 2003 decision is before this Court. 8 U.S.C. § 1252(b)(1) (providing that a petitioner must file a petition for review of a BIA order within thirty days of the entry of that order). In any event, in the absence of any evidence that would overcome the IJ's adverse credibility determination, Chen's argument that he established "prima facie eligibility for asylum and withholding of deportation" fails. Therefore, the BIA properly denied Chen's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).