Dennys BONILLA, Petitioner,

v.

Michael CHERTOFF,* Secretary, Department of Homeland Security, Michael Garcia, Assistant Secretary, United States Immigration and Customs Enforcement, William Cleary, Interim Buffalo Field Office Director, U.S. Immigration and Customs Enforcement, Department of Homeland Security, United States Immigration and Customs Enforcement, Respondents.

No. 05–3372–ag.

United States Court of Appeals, Second Circuit.

May 10, 2007.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security Michael Chertoff is auto-matically substituted for former Secretary Thomas Ridge as a respondent in this case.

Matthew L. Guadagno (Kerry W. Bretz and Jules E. Coven on the brief), Bretz & Coven LLP, New York, NY, for Petitioner.

Norah Schwarz, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC (Lynn S. Edelman, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, on the brief), for Respondents.

Present: AMALYA L. KEARSE,
ROSEMARY S. POOLER, Circuit Judges,
RICHARD MILLS,** District Judge.

### SUMMARY ORDER

Petitioner Dennys Bonilla, a native and citizen of the Dominican Republic, seeks review of the October 28, 2003, order of the Board of Immigration Appeals ("BIA") summarily affirming the July 9, 2002, decision of Immigration Judge ("IJ") Phillip J. Montante, Jr. denying Bonilla's application for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *See In re Dennys Bonilla,* No. A 24 565 294 (B.I.A. Oct. 28, 2003), *aff'g* No. A 24 565 294 (Immig. Ct. Buffalo July 9, 2002). Bonilla also seeks review of the February 9, 2004, order of the BIA denying Bonilla's motion to reconsider and motion to reopen. We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

■ Bonilla contends that the BIA's summary affirmance of the IJ's denial of Section 212(c) relief was legally erroneous because (1) the BIA did not conduct the required de novo review of the IJ's discretionary decision; (2) the IJ failed to apply the proper legal test for Section 212(c) relief by effectively applying a per se rule that those with drug trafficking convictions will be denied relief; and (3) the IJ committed an error of law by misstating the

record with regard to family hardship. Each of Bonilla's arguments raises reviewable "questions of law" under 8 U.S.C. § 1252(a)(2)(D), *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006) (A "question of law" arises "where a discretionary decision is argued to be an abuse of discretion because it was ... based on a legally erroneous standard" or "in fact-finding which is flawed by an error of law, such as might arise where the IJ states that his decision was based on petitioner's failure to testify to some pertinent fact when the record of the hearing reveals unambiguously that the petitioner *did* testify to that fact."), we find no merit to his contentions.

■ We reject the proposition that the BIA's use of its streamlining regulations implies that it failed to conduct a proper review of the issues raised by Bonilla in his appeal. The BIA may summarily affirm an IJ decision only if "the Board member determines that the result reached in the decision under review was correct [and] that any errors in the decision under review were harmless or nonmaterial." 8 C.F.R. § 1003.1(e)(4)(i). The streamlining process does not alter the applicable legal standards the BIA must apply when reviewing the IJ's decision, and in the absence of evidence to the contrary, we decline to categorically presume that the BIA is failing to discharge its statutory duty when it invokes its streamlining authority.

■ We also reject Bonilla's contention that the IJ applied a "per se" rule that all applicants with drug trafficking convictions would be denied Section 212(c) relief. The IJ properly cited *Matter of Y-L-,* 23 I & N Dec. 270, 274 (BIA 2002) for the proposi-

** The Honorable Richard Mills, United States District Judge for the Central District of Illi-
nois, sitting by designation.

tion that drug trafficking crimes are presumptively considered particularly serious crimes, and the IJ may properly consider the seriousness of the underlying crime in weighing the Section 212(c) factors. *See, e.g., Matter of Marin,* 16 I & N Dec. 581, 584 (B.I.A.1978) (seriousness of criminal conviction is an adverse factor that weighs against granting 212(c) relief). Moreover, the IJ did not deny relief solely because of Bonilla's drug conviction, but also cited (1) Bonilla's bail jumping conviction; (2) Bonilla only returned to the United States because of his wife and not because of any sense of responsibility to society; (3) Bonilla remained a fugitive in this country for two years; and (4) Bonilla had no intention of ever turning himself in. There is no legal error in the IJ considering these facts to be adverse factors, and we lack jurisdiction to pass judgment on the IJ's conclusion that these negative factors outweighed Bonilla's positive equities. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (stripping courts of jurisdiction to review any "decision or action of the Attorney General … the authority for which is specified under this subchapter to be in the discretion of the Attorney General").

█ In addition, while it is true that Bonilla's wife testified that she would not return to the Dominican Republic if her husband were deported, Bonilla testified that his family would return with him. Thus, the IJ was correct to analyze hardship that might occur if Bonilla's wife and children had to relocate to the Dominican Republic. To the extent the IJ erred in failing to analyze hardship that might result from separation of the family, such error would not require remand here. The IJ credited Bonilla's family ties as a positive equity, but nevertheless concluded that these positive equities were outweighed by the adverse factors. We lack jurisdiction to determine the correctness of this balancing. *See id.*

█ Finally, we also reject Bonilla's challenges to the BIA's denial of his motion for reconsideration and motion to reopen. With regard to his motion for reconsideration, Bonilla raised the same alleged errors in the IJ's decision that he raised on direct appeal to the Board, and the "BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). For the reasons stated above, the fact that the BIA issued a summary affirmance does not mean that it failed to consider these issues on direct appeal. With regard to the motion to reopen, the new evidence related to alleged harm to Bonilla's business if he were deported, which was an issue that was raised before and considered by the IJ when denying Section 212(c) relief. The BIA could properly find that this evidence did not satisfy the heavy burden required to reopen a Section 212(c) proceeding. *See Sanusi v. Gonzales,* 445 F.3d 193, 201 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is DENIED with respect to the alleged legal errors raised by Bonilla and DISMISSED for lack of jurisdiction with respect to any challenge to the IJ's weighing of the Section 212(c) factors.