Larisa **SHERBAKOVA,** Petitioner,

v.

Michael B. **MUKASEY,**\* Attorney General of the United States, Respondent.

No. 05–3412–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

H. Raymond Fasano, Esq., Madeo & Fasano, New York, NY, for Petitioner.

Darryl A. Stewart, Assistant United States Attorney (James K. Vines, United States Attorney for the Middle District of Tennessee, of counsel), Nashville, TN, for

Respondent. Gary J. Yerman, New York, New York.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. GEORGE B. DANIELS,** District Judge.

### *SUMMARY ORDER*

Petitioner Sherbakova seeks review of an order of the BIA denying her motions to reconsider and reopen her petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Larisa Sherbakova,* No. A95 467 087 (BIA June 8, 2005) ("Motions Decision"). The decision was originally issued on July 27, 2004, but because of a defect in service, the BIA vacated it and reissued it on June 8, 2005. The BIA had previously affirmed the decision of Immigration Judge ("IJ") Joseph A. Russelburg denying Sherbakova's petition. *In re Larisa Sherbakova,* No. A95 467 087 (BIA Apr. 19, 2004), *aff'g* No. A95 467 087 (Immg. Ct. N.Y. City Oct. 10, 2002). We assume the parties' and counsel's familiarity with the underlying facts and procedural history of the case.

Sherbakova is an ethnic Russian and a citizen of Uzbekistan. At her hearing before the IJ on October 10, 2002, Sherbakova testified to four incidents that, she contends, help establish past persecution: A November 1996 physical attack on her by ethnic Uzbeks while aboard a bus; a 1997 assault on her by an Uzbek man while she was conducting a public opinion poll for her employer; a 2000 attack on a bus by ethnic Uzbeks; and an injury suffered by her son-in-law at the hands of an Uzbek man in April 1999. She generally asserts that the authorities were unhelpful or

** The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

would have been unhelpful to her in each instance. Other allegedly discriminatory incidents were referenced in an affidavit that she executed and submitted to the IJ.

On May 14, 2004, after the IJ and the BIA had ruled against her—Sherbakova did not petition this Court with respect to those decisions—she filed a motion with the BIA to reconsider its ruling on the grounds that the agency had ignored the long history of "continuous and constant abuse, humiliation and mistreatment" that she suffered in Uzbekistan. Sherbakova Motion to Reconsider dated May 14, 2004, at 2. She also argued that country conditions in Uzbekistan had changed for the worse, and that her life would be in danger if she were forced to return to Uzbekistan.

Attached to Sherbakova's motion was an affidavit of David Meyer, a professor of political science and international studies at Cedarville University, describing the conditions in Uzbekistan. She had not submitted this affidavit at the original hearing before the IJ or on her direct appeal to the BIA.

On July 27, 2004, in the Motions Decision, the BIA denied Sherbakova's motion to reconsider. The Board noted that it had overlooked the evidence in Sherbakova's affidavit in its April 19 decision, "[h]owever, even taking into consideration all of the incidents raised by the respondent in her affidavit and testimony," Motion Decision at 1, the Board concluded, Sherbakova's treatment did not constitute persecution.

The Board also noted that to the extent that Sherbakova relied on changed country conditions, her motion was more accurately characterized as a motion to reopen than as a motion to reconsider. Yet, because the "evidence on which Professor Meyer relies . . . and the additional evidence of country conditions filed with [Sherbakova's] motion were published dur-

ing the pendency of [her] appeal," Motions Decision at 2, the Board concluded that the evidence was not unavailable at her hearing before the BIA, as required by 8 C.F.R. § 1003.2(c)(1). The agency therefore denied Sherbakova's motion in its entirety. Sherbakova thereupon brought this petition for review before us.

In considering the BIA's denial of a motion to reconsider or reopen, we may evaluate only the merits of the motion; we may not evaluate the merits of the underlying exclusion proceedings. *See Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam). We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion. *See id.* The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

■ Sherbakova's motion was based primarily on an "aspect of the case which [she contends] was overlooked." *Matter of Cerna*, 20 I. & N. Dec. 399, 403 n. 2 (BIA 1991). In ruling against Sherbakova on her motion to reconsider, however, the BIA expressly considered all of the alleged incidents that she asserted had originally been overlooked. The agency therefore did not abuse its discretion in denying the motion.

■ Sherbakova also contends that the BIA abused its discretion in denying her motion when considering it as a motion to reopen. She asserts that the background information that she submitted along with the motion, including the Meyer affidavit, establish that conditions in Uzbekistan for ethnic Russians have worsened since her

hearing and that the Uzbek government has willfully failed to react to the violence and has at times been complicit in the violence against ethnic minorities.

The BIA declined to consider the Meyer affidavit, stating:

> The evidence on which Professor Meyer relies to support his findings in his expert opinion and the additional evidence of country conditions filed with the respondent's motion were published during the pendency of the respondent's appeal. Therefore, the evidence was available and should have been presented at that time. 8 C.F.R. § 1003.2(c)(1). As such, the evidence does not allege any "new facts" to be proven at a hearing as statutorily required for the reopening of proceedings. 8 C.F.R. § 1003.2(c)(1).

But the BIA used the wrong date to conclude that the evidence Sherbakova submitted with her motion was previously available and therefore could not support a motion to reopen. A motion to reopen must be denied when the material was available "at the former hearing." 8 C.F.R. § 1003.2(c)(1). The BIA stated that because the evidence underlying the Meyer affidavit was available "during the pendency of the respondent's appeal," it was not unavailable and therefore could not support a motion to reopen. But, in a decision rendered after the BIA's denial of Sherbakova's motion for reconsideration, we concluded that the language in § 1003.2(c)(1) means that "in reviewing the BIA's determination of whether previously unavailable evidence support[s a] motion to reopen, we must inquire whether the evidence could have been presented *at the hearing before the IJ*," not at the earlier hearing before the BIA. *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir. 2006) (emphasis added).

Moreover, some of the evidence on which the Meyer affidavit relies was published after the date of Sherbakova's hearing before the IJ. Because the Meyer affidavit discusses evidence that did not exist on October 10, 2002, the date of her hearing, the affidavit could not "have been presented at the hearing before the IJ," *id.* at 294, and therefore was "not available" within the meaning of 8 C.F.R. § 1003.2(c)(1). The BIA erred in denying Sherbakova's motion to reopen on the ground that the Meyer affidavit was not unavailable at the relevant time.

Since the BIA erred in not considering the Meyer affidavit, rather than evaluating it in the first instance ourselves, we remand the case to the agency for it to do so.

For the foregoing reasons, the petition for review is DENIED as to the denial of the motion to reconsider, but GRANTED as to the motion to reopen and REMANDED for further review as explained above. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.