**Suleyman YALCIN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08–3729–ag.**

United States Court of Appeals, Second Circuit.

April 6, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Joshua E. Bardavid, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Corey L. Farrell, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Suleyman Yalcin, a native and citizen of Turkey, seeks review of a July 11, 2008 order of the BIA denying his motion to reconsider. *In re Suleyman Yalcin,* No. A95 378 026 (B.I.A. Jul. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). Here, the BIA properly denied Yalcin's motion to reconsider where he failed to specify er-

rors of fact or law in the BIA's prior decision as required by 8 C.F.R. § 1003.2(b)(1). *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001). Yalcin's argument before the BIA and this Court—that the BIA erred in applying the incorrect standard in determining whether he demonstrated a well-founded fear of persecution—is without merit. In its prior decision, the BIA concluded that Yalcin failed to show that he had a well-founded fear of persecution, particularly in light of the fact that his other siblings continue to live unharmed in Turkey. Nothing in the record suggests that in so concluding, it applied an improper standard. Thus, the BIA properly denied Yalcin's motion to reconsider. *See* 8 C.F.R. § 1003.2(b).

■ To the extent the BIA construed Yalcin's motion as a motion to reopen, it properly rejected his changed country conditions argument. While the BIA abuses its discretion if it fails to address evidence of changed country conditions presented by a petitioner, *see Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir.2005), here, contrary to Yalcin's argument, the BIA addressed the evidence he presented. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006) (stating that this Court will "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise"). Moreover, we find no error in the BIA's conclusion that the evidence was insufficient to establish Yalcin's *prima facie* eligibility for asylum. *See* 8 C.F.R. § 1003.2(c)(1). Without such a showing, the BIA properly denied his motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).