**Bachkim KELMENDI, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* United States Attorney General, Respondent.**

No. 08–3807–ag.

United States Court of Appeals, Second Circuit.

July 21, 2009.

Joshua Bardavid, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Mark C. Walters, Senior Litigation Counsel, Glen T. Jaeger, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Bachkim Kelmendi, a native and citizen of Serbia and Montenegro, seeks review of the July 18, 2008 order of the BIA denying his motion to reconsider/reopen. *In re Bachkim Kelmendi,* No. A98 491 878 (B.I.A. July 18, 2008). We

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted); *Jin Ming Liu,* 439 F.3d at 111. A motion for reconsideration "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 403 n. 2 (BIA 1991) (internal quotation marks omitted). Accordingly, such a motion "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also Jin Ming Liu,* 439 F.3d at 111. The BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected. *Jin Ming Liu,* 439 F.3d at 111.

As the BIA found, Kelmendi "simply refiled the brief that was previously received" by the BIA, raising the same arguments challenging the credibility and burden findings that he initially raised in his first appeal to the BIA on direct appeal. Therefore, the BIA did not abuse its discretion in denying Kelmendi's motion to reconsider. *See Jin Ming Liu,* 439 F.3d at 111. Moreover, to the extent the BIA construed Kelmendi's motion as a motion to reopen, Kelmendi has waived any challenge to that ruling. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).