**ZOU QIN LIANG, a.k.a. Zouqin Qin Liang, a.k.a. Shou Quing Liang, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–6202–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Luis E. Perez, Senior Litigation Counsel, Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zou Qin Liang, a native and citizen of the People's Republic of China, seeks review of a November 26, 2008 order of the BIA denying his motions to reconsider and reopen. *In re Zou Qin Liang,* No. A098 885 907 (B.I.A. Nov. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). In denying Liang's motion to reconsider, the BIA found that he had shown no legal or factual error in its denial of his previous motion to reopen based on his failure to submit a new asylum application as required under

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

8 C.F.R. § 1003.2(c)(1). It further noted that Liang did not challenge in his motion to reconsider its finding that the application was not in the record at the time it denied his motion to reopen. Liang now argues for the first time that the BIA abused its discretion in denying his previous motion to reopen "solely on the basis of a procedural error." We decline to consider this unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 124 (2d Cir.2007).

Moreover, to the extent the BIA construed Liang's motion as a second and untimely motion to reopen, Liang fails to challenge the BIA's finding that he failed to demonstrate an exception to the applicable time and number bars. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Because a showing of a material change in country conditions is required to excuse the untimely filing of a motion to reopen, we will not disturb the agency's denial of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 275–76 (2d Cir.2006); *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 170 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).