09-5357-ag
Xu v. Holder

BIA
A072 432 306

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand eleven.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        GERARD E. LYNCH,
>             *Circuit Judges*.

_____

WEN LU XU,
>        *Petitioner*,

>        v.                                    09-5357-ag

>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONERS:        Michael Brown, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wen Lu Xu, a native and citizen of the People's Republic of China, seeks review of a December 8, 2009, order of the BIA, denying his motion to reconsider. *In re Wen Lu Xu*, No. A072 432 306 (B.I.A. Dec. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). The agency's regulations provide that a motion to reconsider must specify errors of fact or law in the challenged BIA decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

The BIA did not abuse its discretion in denying Xu's motion to reconsider because he failed to identify errors of fact or law in the agency's denial of his motion to reopen as required by 8 C.F.R. § 1003.2(b)(1). As the BIA found, it was entitled to rely on the underlying adverse

2

credibility determination to disregard the documentary evidence Xu submitted with his prior motion to reopen. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3