**Jin Ming LIU, Petitioner,**

**v.**

---

Alberto R. GONZALES,[1] Respondent.

Docket No. 04–6127 AG.

United States Court of Appeals,
Second Circuit.

Submitted: Feb. 20, 2006.

Decided: Feb. 21, 2006.

Michael Brown, New York, New York, for Petitioner.

Brian L. Sullivan, Assistant United States Attorney (Daniel G. Bogden, United States Attorney for the District of Nevada, on the brief), Reno, Nevada, for Respondents.

Before: JACOBS, PARKER, and HALL, Circuit Judges.

PER CURIAM.

Jin Ming Liu, a citizen of China, petitions for review of the October 2004 denial by the Board of Immigration Appeals ("BIA") of his motion to reconsider the BIA's July 2004 order that affirmed without opinion an order of an immigration judge ("IJ") that (1) denied his requests for asylum, withholding of removal, and relief pursuant to the Convention Against

1. Pursuant to Rule 43(c)(2), Fed. R.App. P., Attorney General Alberto R. Gonzales is auto- matically substituted for former Attorney General John Ashcroft.

Torture, and (2) directed his removal to China. According to Liu's asylum application, he fled China to escape compulsory family planning and persecution on account of his Catholic faith. Liu's petition contends that the BIA erred because there are "new facts" and because the birth of his three children "constitutes a change in [his] circumstances such that he is at risk of persecution under China's coercive population planning policy if he returns to that country."

 Liu and the government both ask us to review the merits of Liu's asylum claim and the IJ's adverse credibility determination based on the substantial evidence standard. However, Liu did not petition this Court for review of the BIA's July 2004 summary affirmance, but rather of the BIA's October 2004 denial of his motion to reconsider. Our review is, therefore, limited to the BIA's denial of Liu's motion to reconsider his asylum application; accordingly, we are " 'precluded from passing on the merits of the underlying exclusion proceedings.' " *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (quoting *Zhao v. DOJ*, 265 F.3d 83, 90 (2d Cir.2001)).

The BIA's denial of a motion to reconsider is reviewed for abuse of discretion. *See Kaur*, 413 F.3d at 233. An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (quoting *Zhao*, 265 F.3d at 93). A motion for reconsideration "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna*, 20 I.

& N. Dec. 399, 403 n. 2 (BIA 1991) (internal quotation marks omitted); *see also Zhang v. INS*, 348 F.3d 289, 293 (1st Cir. 2003). As such, it "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

Here, however, Liu dilates on the merits of his asylum claim without explaining how the BIA abused its discretion in denying his motion. The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected. *See Strato v. Ashcroft*, 388 F.3d 651, 655 (8th Cir.2004); *Ahmed v. Ashcroft*, 388 F.3d 247, 250–51 (7th Cir.2004); *Sswajje v. Ashcroft*, 350 F.3d 528, 533 (6th Cir.2003).

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition for review is hereby DENIED and the decision of the Board of Immigration Appeals is hereby AFFIRMED.