**QIAN LI LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION REVIEWS, Respondent.**

**No. 05–1701–ag.**

United States Court of Appeals, Second Circuit.

June 12, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Drew H. Wrigley, United States Attorney, Rick L. Volk, Assistant United States Attorney, Bismarck, ND, for Respondent.

Present: JAMES L. OAKES, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Petitioner Qian Li Lin petitions for review of an order of the BIA denying a motion to reopen Lin's BIA proceedings. This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin*

*Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). We assume the parties' familiarity with the facts and procedural history of the case.

The BIA's denial of Lin's motion to reopen did not constitute an abuse of discretion. The BIA denied Lin's appeal of the IJ's decision in August 2000, and Lin filed his motion to reopen almost four years later, in June 2004. Because Lin's second motion to reopen was filed over ninety days after "the date on which the final administrative decision was rendered in the proceeding sought to be reopened," the BIA correctly determined that the motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2).

Furthermore, the BIA reasonably determined that it could not excuse the late filing of the motion to reopen because Lin failed to exercise due diligence on his own behalf. *See Iavorski v. U.S. INS,* 232 F.3d 124, 134 (2d Cir.2000) (stating that a petitioner is required to demonstrate due diligence when seeking to toll the filing deadline for a motion to reopen). Lin argues on appeal that he had filed his motion to reopen shortly after implementation of the People's Family Planning Law ("PFPL"), and the PFPL had only begun to be implemented in his hometown in early 2004. Although Lin asserted that he had been "told by [his] relatives in [his] hometown that since early 2004 the village cadres ha[d] held a number of meetings and [had] announced the new law several times," Lin failed to submit any evidence or statements from relatives corroborating the 2004 date. The BIA, therefore, did not abuse its discretion in determining that, even if the enactment of the PFPL was considered a change in country conditions: (1) Lin should have filed his motion to reopen within a reasonable time after the PFPL's September 2002 date of enactment; and (2) Lin's filing of his motion to

reopen in June 2004, almost two years after the PFPL had been enacted, was not reasonable.

Accordingly, the petition for review is hereby DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).