**XIU YU LIN, Yi Lu Chen, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**Nos. 07–3145–ag(L), 07–3151–ag(con).**

United States Court of Appeals,
Second Circuit.

April 1, 2008.

---

Theodore N. Cox, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; Jeffrey J. Bernstein, Senior Litigation Counsel; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Wash., D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Xiu Yu Lin and Yi Lu Chen, natives and citizens of the People's Republic of China, seek review of the July 2, 2007 orders of the BIA denying their motion to remand and affirming the May 24, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Yu Lin,* No. A73 132 675 (B.I.A. Jul. 2, 2007), *aff'g* No. A73 132 675 (Immig. Ct. N.Y. City May 24, 2005); *In re Yi Lu Chen,* No. A70 894 710 (B.I.A. Jul. 2, 2007), *aff'g* No. A70 894 710 (Immig. Ct. N.Y. City May 24, 2005). These proceedings followed this Court's remand, on the Government's motion, to permit further consideration. *See Xiu Yu Lin v. I.N.S.* Nos. 02–4182(L), 02–4183, 02–4597, 02–4599. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See, e.g., Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews questions of law and the application of law to fact, *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because the petitioners failed to sufficiently challenge the agency's discretionary denial of their asylum applications or the denial of their applications for CAT relief before this Court, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, we deem any such arguments waived. *Id.*

█ The agency denied withholding of removal based on an adverse credibility finding that stemmed from the petitioners' submission of fraudulent asylum applications in which they claimed a fear of persecution based on their activities in the student democracy movement in China. The agency relied on the fact that the petitioners persisted in their fraudulent claim for many years, even after the birth of their two children in the United States, which is the basis for their current claim. Whether or not the persistent assertion of their false claim permitted an adverse finding as to their credibility with respect to their fear of persecution for violation of China's family planning policy, their claim was fatally flawed by the lack of evidence to support a finding that they faced persecution upon returning to China after the

birth of two children in the United States. While Huang submitted numerous affidavits from family members, these affidavits came from relatives whose children were born in China, and thus, were not probative of how authorities in China treat Chinese nationals with U.S. born children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Nor did the 2003 affidavit of John Aird compel a finding that petitioners would be sterilized upon returning to China with foreign born children. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) (finding an Aird affidavit dated September 2004 to be of limited relevance). Thus, even if the agency erred in predicating a credibility finding on the persistent falsity concerning the petitioners' initial claim, we can be confident that the agency would reach the same conclusion if it were obliged, upon a further remand, to focus solely on the evidence relevant to the family planning claim. See *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 402 (2d Cir.2005).

█ Finally, we find that the agency did not abuse its discretion, nor did it deny due process, by denying the petitioners' motion to remand. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005) (reviewing the denial of a motion to remand for abuse of discretion). Petitioners had a full hearing before an immigration judge at which time they were allowed to testify and to submit background documentation; they have also had the opportunity to appear before the agency on several occasions. As petitioners gave no indication in their motion of what information they wished to add to the record and as the agency had previously considered and denied a motion to reopen, we find no error. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).