**Abiodun ODUKO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 05–4566–ag(L), 06–0560–ag(CON).

United States Court of Appeals, Second Circuit.

April 30, 2008.

Abiodun Oduko, pro se, Newtown, New Jersey, for Petitioner.

Benton J. Campbell, United States Attorney for the Eastern District of New York, Scott Dunn, Assistant United States Attorney, Dione M. Enea, Special Assistant United States Attorney, of Counsel, Brooklyn, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Abiodun Oduko, a native and citizen of Nigeria, seeks review of a May 25, 2006, order of the BIA affirming the January 11, 2005, decision of Immigration Judge ("IJ") Alan L. Page, finding the petitioner to be an arriving alien who was inadmissible based on a conviction for a crime of moral turpitude and denying his application for asylum and withholding of removal, and from the July 29, 2005, order of the BIA denying his motion for reconsideration. *In re Abiodun Oduko,* No. A47 118 824 (B.I.A. May 25, 2005 and July 29, 2005), *aff'g* No. A47 118 824 (Immig.Ct.N.Y.City, Jan. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although generally we lack jurisdiction to review final orders of removal against certain criminal aliens, we retain jurisdiction to review constitutional claims or questions of law. *See* 8 U.S.C. § 1252(A)(2)(d); *Canada v. Gonzales,* 448 F.3d 560, 563 (2d Cir.2006). Oduko's claims are reviewable because he raises questions of law regarding: (1) his status as an arriving alien; (2) whether his offense fell within the petty offense exception; (3) the petitioner's burden of proof on his asylum and withholding of removal claims when credibility is assumed; and (4) the necessity of corroborating evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 324–30 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Hong Ying Gao v. Gonzales,* 440 F.3d 62, 65 (2d Cir.2006). Because the BIA did not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness, as doing so does not affect our ultimate conclusion. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006).

### Arriving Alien and Petty Offense Exception

When Oduko returned from a trip to Nigeria, he was paroled into the United States (rather than admitted as a lawful permanent resident) because he had been indicted for criminal possession of stolen property. "An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States ... unless the alien ... has committed an offense identified in [Immigration and Nationality Act ("INA")] section 212(a)(2)." 8 U.S.C. § 1101(a)(13)(C). Section 212(a)(2) identifies crimes involving moral turpitude as grounds for inadmissibility. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). Oduko does not dispute that his crime was one of moral turpitude. *See Michel v. INS,* 206 F.3d 253, 263–66 (2d Cir.2000) (finding criminal possession of stolen property under New York law is a crime of moral turpitude). At issue is whether, at the time of his at-

tempted reentry, he "committed" that offense as the term is used in INA § 101(a)(13)(C). Oduko argues that the term "committed" requires a judgment of conviction. He thus contends that because he had not yet been convicted of the offense when he returned to the United States, he should not have been treated as an arriving alien.

We defer to the BIA's reading "when interpreting ... provisions of the [INA], as long as those interpretations are reasonable," *Michel,* 206 F.3d at 260, and will reject the agency's interpretation only if it is unreasonable or contrary to clear congressional intent, *see INS v. Cardoza–Fonseca,* 480 U.S. 421, 447–48, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Here, the BIA's interpretation of § 101(a)(13)(C) is reasonable as Congress selected the term "committed" rather than the term "convicted." *Id.* at 432, 107 S.Ct. 1207 (holding that where Congress "includes particular language in one section of a statute but omits it in another section ..., it is generally presumed that Congress acts intentionally, and purposely in the disparate inclusion or exclusion." (internal quotations and citations omitted)). Because Oduko committed the offense involving moral turpitude prior to his attempted reentry, he came under the exception in INA § 101(a)(13)(C) and was properly treated as an arriving alien.

 The BIA also properly found that Oduko was ineligible for the petty offense exception for crimes of moral turpitude. The exception provides that an alien will not be deemed inadmissible based on a crime of moral turpitude where "the maximum penalty possible for the crime ... did not exceed imprisonment for one year *and,* if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii)(II)

(emphasis added). Since Oduko was sentenced to only six months' imprisonment, he satisfies the second part of this exception. However, he fails to satisfy the first part of the exception because he was convicted of criminal possession of stolen property in the fourth degree in violation of New York Penal Law § 165.45(2), which carries a maximum possible sentence of four years. *See* N.Y. Penal Law § 70.00(2)(e).

### Asylum and Withholding of Removal

Oduko seeks asylum and withholding of removal on the ground that he has a well-founded fear of persecution arising out of alleged threats and attacks against him and his family by his fiancée's Muslim relatives who oppose her engagement to a Christian, and the refusal of the Lagos law enforcement authorities to prosecute these crimes because they involve a religious dispute subject to Shari'a law.

 After denying Oduko's eligibility for asylum, the IJ made an alternate and independent ruling that he would deny Oduko's application as a matter of discretion because of Oduko's conviction and his failure to take responsibility for his criminal conduct. The BIA affirmed this alternate holding. Because Oduko is a criminal alien, this Court lacks jurisdiction to review such discretionary determinations by the IJ and the BIA. *See* 8 U.S.C. § 1252(a)(2). Oduko has not identified a question of law restoring jurisdiction over the discretionary denial of relief. *See Xiao Ji Chen,* 471 F.3d at 329 (reviewable question of law would arise if a discretionary decision "was made without rational justification or based on a legally erroneous standard"). Moreover, even if we were to assume jurisdiction to review this discretionary decision, we would find no abuse of discretion; the IJ denied relief only after properly weighing all of the

appropriate factors—both favorable and adverse—including Oduko's family ties, criminal record, and the danger of persecution. *See Wu Zheng Huang v. I.N.S.*, 436 F.3d 89, 98 (2d Cir.2006). Accordingly, Oduko's asylum claim must fail.

■■■ His withholding claim is not subject to discretionary denial. It is, however, subject to a higher standard of proof than his asylum claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). And having examined with care the record in this case, and conscious of the fact that we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 416 F.3d 184, 191 (2d Cir.2005), we conclude that the agency's decision that Oduko has not met this higher burden must be affirmed.

■■■ The BIA did not err as a matter of law in denying Oduko's motion to reopen/reconsider. Oduko failed to proffer any new evidence that was not previously available, *see Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001), and failed to raise any errors of fact or law in the BIA's prior decision, *see Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is DENIED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).