**Wrig BISTA, Petitioner,**

v.

**Eric H. HOLDER, Jr.\* Attorney General, Respondent.**

**No. 08–3206–ag.**

United States Court of Appeals, Second Circuit.

May 4, 2009.

Shifa Soressa, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Wrig Bista, a native and citizen of Nepal, seeks review of a May 30, 2008 order of the BIA denying his motion to reconsider. *In re Wrig Bista,* No. A97 521 935 (B.I.A. May 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). Here, the BIA properly denied Bista's motion to reconsider where he failed to specify errors of fact or law in the BIA's decision as required by 8 C.F.R. § 1003.2(b)(1). *See Ke Zhen Zhao v. U.S.*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

*Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001). Bista's argument before the BIA and this Court—that the BIA erred in finding that he had not met the *Lozada* requirements—essentially repeats arguments that the BIA had previously rejected in his motion to reopen. In such instances, we have held that the BIA does not abuse its discretion in denying a motion to reconsider. *Jin Ming Liu,* 439 F.3d at 111.

With his motion to reconsider, Bista submitted additional evidence to the BIA. Bista, however, could not show error in the BIA's denial of his motion to reopen by submitting additional evidence that was not before the BIA at the time it adjudicated the motion. The BIA, moreover, properly considered Bista's effort to submit additional evidence as a numerically barred motion to reopen and did not abuse its discretion in denying it as such. *See* 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).