11-1238-ag
Khatra v. Holder

BIA
A076 093 486

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand twelve.

PRESENT:
>           ROBERT A. KATZMANN,
>           BARRINGTON D. PARKER,
>           REENA RAGGI,
>                 *Circuit Judges.*

_____

HARJIT SINGH KHATRA,
>           *Petitioner,*

            v.                                    11-1238-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          William P. Joyce, Boston, M.A.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Blair T. O'Connor,
                         Assistant Director; Juria L. Jones,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Harjit Singh Khatra, a native and citizen of India, seeks review of a March 2, 2011 decision of the BIA denying his motion to reconsider the denial of his fourth motion to reopen his removal proceedings. *In re Harjit Singh Khatra*, No. A076 093 486 (B.I.A. Mar. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As Khatra timely petitioned for review of only the BIA's denial of his motion for reconsideration of its previous denial of his fourth motion to reopen, we are precluded from considering the merits of the underlying motion to reopen and removal proceedings. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). We have reviewed the denial of Khatra's motion to reconsider for abuse of discretion. *See id.* A motion to reconsider must "specify errors of law or fact in the [challenged BIA decision] and [] be supported by pertinent authority." *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

2

Contrary to Khatra's argument, the BIA did not abuse its discretion in denying reconsideration because it was permitted to consider the adverse credibility finding made by the immigration judge ("IJ") in its rejection of Khatra's claim in his fourth motion to reopen, that he had a well-founded fear of persecution. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2004) (holding that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible*" (emphasis in original)). As the BIA noted, Khatra had not shown that the factual predicate of his claim of future persecution was independent of the testimony that the IJ found incredible, as his fear of future harm was based on the incidents of past persecution or continuing retaliation for the same political activities alleged in his original asylum application. Because Khatra failed to identify any error in the BIA's consideration of the adverse credibility determination, he did not satisfy the requirements for reconsideration. *See* 8 U.S.C. § 1229a(c)(6).

While Khatra argues that the BIA erred by failing to consider his evidence of changed country conditions, the record does not compellingly suggest that the BIA failed to consider any evidence, as the BIA explicitly referenced the background evidence he submitted in its denial of the fourth motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Furthermore, in denying reconsideration, the BIA referenced Khatra's supporting evidence, noting that it suggested that the then-current conditions in India were a continuation of previously existing conditions.

Because the remainder of Khatra's motion to reconsider merely reasserted arguments rejected by the BIA in denying his motion to reopen, the BIA did not abuse its discretion in denying his motion to reconsider. *See Jin Ming Liu*, 439 F.3d at 111 (noting that the BIA does not abuse its discretion by denying a motion to reconsider when the motion merely repeats arguments that the BIA has previously rejected).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk