**XUE YAN ZHOU, aka Xue–Yan Zou, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 10–2630–ag.**

United States Court of Appeals, Second Circuit.

Aug. 2, 2012.

Theodore N. Cox, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Robbin K. Blaya, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Xue Yan Zhou, a native and citizen of China, seeks review of a June 24, 2010, BIA decision denying her motion to reconsider and reopen. *In re Xue Yan Zhou,* No. A077 107 789 (B.I.A. June 24, 2010). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157–58, 168–69 (2d Cir.2008); *see also Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

■ Zhou's motion sought reconsideration of the BIA's denial of her third motion to reopen, which was based on her claim that she fears persecution on account of the birth of her U.S. citizen children in violation of China's population control program, and similarly sought reopening based on new evidence that purportedly supported her claimed fear of persecution. For largely the same reasons as this Court set forth in *Jian Hui Shao,* 546 F.3d 138, we find no error in the BIA's denial of Zhou's motion. *See id.* at 158–72.

■ Additionally, the BIA did not abuse its discretion in declining to credit Zhou's unauthenticated evidence in light of the agency's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir. 2007). Nor did it abuse its discretion in concluding that the opinion of Dr. Sapio, a guest lecturer at the Julius–Maximillians University in Würzburg, Germany, was not an expert opinion sufficient to overcome the reliability of a U.S. Department of State report. *See Jian Hui Shao,* 546 F.3d at 171.

Because Zhou's petition for review is without merit, we decline to consider whether, as the government argues, dismissal pursuant to the fugitive disentitlement doctrine is warranted.

For the foregoing reasons, the petition for review is DENIED and the Respondent's motion to dismiss is DENIED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).