10-4232-ag
Yong v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand twelve.

PRESENT:
>           DENNIS JACOBS,
>                   *Chief Judge*,
>           JON O. NEWMAN,
>           PIERRE N. LEVAL,
>                   *Circuit Judges*.

_____

| | |
|---|---|
| JAN WU, AKA SEOK HEE JOO, AKA JIAN YU v. HOLDER, A073 134 364 | 10-2805-ag |

_____

| | |
|---|---|
| QIN ZHOU YONG, AKA CHIN KANG CHUA, AKA YUNG CHOU, REN LE QIAN v. HOLDER, A070 455 860 A072 565 031 | 10-4232-ag |

_____

| | |
|---|---|
| MEI CHANG SUN v. HOLDER, A073 583 412 | 10-4809-ag |

_____

02272012-31-33

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the BIA's decisions. *See id.* at 158-72. While the petitioners in *Jian Hui Shao* were from Fujian Province, the petitioners here are from Zhejiang Province. However, as with the evidence discussed in *Jian Hui Shao*, the evidence they have submitted relating to Zhejiang Province is deficient either because it does not discuss forced sterilizations or because it references isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See id.* at 160-61,

171-72.

The BIA may have erred in rejecting the family planning notice submitted in *Jan Wu v. Holder*, No. 10-2805-ag, **(31)** solely based on petitioner's failure to authenticate that document pursuant to 8 C.F.R. § 1287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005). However, remand to the BIA for consideration of the notice would be futile because the notice was not material as it did not demonstrate changed country conditions and it merely referenced the family planning policy's mandatory sterilization requirement without any indication that such sterilizations are performed by force. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (finding that remand is futile when the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks and citations omitted)); *see also Jian Hui Shao*, 546 F.3d at 165, 172.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in

these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk