Lin v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
>           DENNIS JACOBS,
>                *Chief Judge,*
>           JON O. NEWMAN,
>           PIERRE N. LEVAL,
>                *Circuit Judges.*

—————————————————————————

| | |
|---|---|
| **XIU LAN LIN V. HOLDER** | **10-23 (L)** |
| **A077 308 988** | **10-2069 (Con)** |

—————————————————————————

| | |
|---|---|
| **LI XIN LIN v. HOLDER,** | **10-534** |
| **A070 908 317** | |

—————————————————————————

| | |
|---|---|
| **ZHOU LIN NI v. HOLDER,** | **10-1018** |
| **A076 101 338** | |

—————————————————————————

| | |
|---|---|
| **JING LING LIU v. HOLDER,** | **10-1326** |
| **A077 341 431** | |

—————————————————————————

| | |
|---|---|
| **JIAN X. HUANG v. HOLDER,** | **10-2421 (L)** |
| **A070 903 598** | **10-4722 (Con)** |

05212012-19-25

_____

**XU CHAN LIN v. HOLDER,**                      **10-3123**
**A078 016 200**

_____

**DE MEI CHEN-ZHEN v. HOLDER,**            **11-2000**
**A079 741 497**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either affirming a decision of an Immigration Judge ("IJ") denying a motion to reopen or denying a motion to reopen or reconsider in the first instance. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *see also Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

Petitioners, all natives and citizens of China, filed motions to reopen or reconsider based on their claims that they fear persecution because they have had one or more children in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*,

546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158-72.

In *Xiu Lan Lin v. Holder*, Nos. 10-23 (L), 10-2069 (Con), and *Zhou Lin Ni v. Holder*, No. 10-1018, the BIA did not err in declining to credit individualized and unauthenticated evidence in light of underlying adverse credibility determinations. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007). In *De Mei Chen-Zhen v. Holder*, No. 11-2000, although the BIA erred in stating that the IJ had found petitioner not credible in his underlying proceedings in 2003 and declining to credit the authenticity of his evidence on that basis, remand would be futile because the BIA's alternative bases for finding petitioner's evidence insufficient to warrant reopening were not in error. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (finding that remand is futile when the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks and citations omitted)); *see also Jian Hui Shao*, 546 F.3d at 158-72.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions

is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk