12-2913
Sun v. Holder

BIA
A088 792 958

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand thirteen.

PRESENT:
　　　　JON O. NEWMAN,
　　　　PIERRE N. LEVAL,
　　　　JOSÉ A. CABRANES,
　　　　　　*Circuit Judges.*

_____

DAI SHIN SUN,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　12-2913
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　David A. Bredin, New York, New York.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Lindsay M. Murphy, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dai Shin Sun, a native and citizen of the People's Republic of China, seeks review of a June 28, 2012, decision of the BIA denying his motion to reconsider. *In re Dai Shin Sun*, No. A088 792 958 (B.I.A. June 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As the government argues, our review in this case is limited to the BIA's June 2012 denial of Sun's motion to reconsider because that is the only decision from which he filed a timely petition for review. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001); *see also Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011) (recognizing that the 30-day filing requirement of 8 U.S.C. § 1252(b)(1) "is jurisdictional and not subject to equitable tolling" (quotation marks and citation omitted)). We review the BIA's denial of a motion to reconsider for abuse of

discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). The BIA reasonably denied Sun's motion to reconsider because his additional attempts to explain his demeanor at his merits hearing and an inconsistency in the record of his underlying proceedings failed to specify errors of fact or law in the BIA's prior decision as required by 8 C.F.R. § 1003.2(b)(1). *See id.* at 111; *see also In re Cerna*, 20 I. & N. Dec. 399, 402 n.2 (B.I.A. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
