Liang v. Holder

BIA
A094 048 717

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

XUN XING LIANG,
> *Petitioner,*

> v.                                          12-2251
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Charles Christophe, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Cindy S. Ferrier,
                       Assistant Director; Sunah Lee, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Xun Xing Liang, a native and citizen of China, seeks review of a May 7, 2012, decision of the BIA denying his motion to reconsider the BIA's December 29, 2011, denial of his motion to reopen his removal proceedings. *In re Xun Xing Liang*, No. A094 048 717 (B.I.A. May 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). A motion to reconsider must specify errors of fact or law in the BIA's prior decision and be supported with pertinent authority. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

As an initial matter, to the extent that Liang challenges the BIA's 2011 denial of his motion to reopen, we lack jurisdiction to review his arguments, as he did not file a petition for review of that decision. *See Ke Zhen Zhao*, 265 F.3d at 90; *Stone v. INS*, 514 U.S. 386, 405-06 (1995).

With regard to the motion to reconsider the BIA did not abuse its discretion in denying Liang's motion on the grounds it failed to identify errors of law or fact in its prior decision; the motion largely repeated arguments contained in Liang's motion to reopen which the BIA had previously rejected. *See Jin Ming Liu*, 439 F.3d at 111. Liang argues that the BIA erred in noting in its denial of reconsideration that Liang's country conditions evidence made only a single reference to the treatment of Christians in Fujian Province. He asserts he demonstrated country-wide persecution of Christians. Because the BIA gave "reasoned consideration" to the country conditions evidence, it did not abuse its discretion in finding no basis to reconsider its prior conclusion that Liang had not shown a material change in the treatment of Christians since the time of his

2

asylum hearing. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006); *Ke Zhen Zhao*, 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3