Wong v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>             *Circuit Judges.*

─────────────────────────────────────

| | |
|---|---|
| **JOHN JIN CHEN, AKA ZUN JIN CHEN** <br> **v. HOLDER,** <br> **A072 460 750** | **10-4185** |

─────────────────────────────────────

| | |
|---|---|
| **QI CHEN v. HOLDER,** <br> **A073 674 220** | **10-4983** |

─────────────────────────────────────

| | |
|---|---|
| **MEI MEI CHEN v. HOLDER,** <br> **A099 589 759** | **11-1210** |

─────────────────────────────────────

| | |
|---|---|
| **YONG LIN v. HOLDER** <br> **A072 763 849** | **11-3224** |

─────────────────────────────────────

| | |
|---|---|
| **QIU DAN CHI v. HOLDER** <br> **A077 050 604** | **11-3817** |

─────────────────────────────────────

| | |
|---|---|
| **JI SHUN ZHENG, AKA QI SHEN JENG,** <br> **v. HOLDER,** <br> **A077 977 705** | **11-4858** |

─────────────────────────────────────

**YU BIAO WENG v. HOLDER,**                    **12-706**
**A073 646 956**

_____

**DIAN SHAN JIANG v. HOLDER**                   **12-1808**
**A073 576 384**

_____

**YOANG-QING WONG, AKA YONG-QING**            **12-2021**
**WANG, AKA YUN SOON KIM v. HOLDER,**
**A070 011 218**

_____

**XIAO YAN DONG v. HOLDER,**                   **12-3141**
**A098 648 027**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA that: (1) affirmed a decision of an Immigration Judge ("IJ") denying a motion to reopen; (2) denied a motion to reopen in the first instance; or (3) denied a motion to reconsider the denial of a motion to reopen. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90-91 (2d Cir. 2001); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

2

Petitioners, all natives and citizens of China, filed motions to reopen based on claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determinations that the petitioners failed to demonstrate either (a) materially changed country conditions that would excuse the untimely or number-barred filing of their motions, or (b) their *prima facie* eligibility for relief. *See id.* at 158-72.

In *John Jin Chen v. Holder*, 10-4185 **(1)**, and *Dian Shan Jiang v. Holder*, 12-1808 **(8)**, we find no error in the BIA's conclusions that petitioners failed to demonstrate materially changed country conditions with regard to China's treatment of their religious groups or establish their *prima facie* eligibility for relief on account of their religious practices. *See Jian Hui Shao*, 546 F.3d at 169-72; *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2008). In *Ji Shun Zheng v. Holder*, No. 11-4858 **(6)**, and *Yu Biao Weng v. Holder*, No. 12-706 **(7)**, the BIA did not err in finding that petitioners failed to demonstrate their *prima facie* eligibility for relief based on their religious practices

3

because the evidence they submitted did not demonstrate that Chinese authorities are aware of, or likely to become aware of, their practices. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Hui Shao*, 546 F.3d at 168.

Finally, in *Qi Chen v. Holder*, 10-4983 **(2)**, *Dian Shan Jiang v. Holder*, 12-1808 **(8)**, and *Yoang-Qing Wong v. Holder*, 12-2021 **(9)**, the BIA did not err in declining to credit the petitioners' unauthenticated, individualized evidence in light of the agency's underlying adverse credibility determinations. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4