11-1944
Yang v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
            *Circuit Judges.*

_____

YA QING YANG v. HOLDER                    11-1944
A073 562 612

_____

XIU YAN LIN, AKA XIUYAN LIN               11-1993
v. HOLDER,
A097 660 210

_____

JIE LIN CHEN v. HOLDER,                   11-2285
A070 893 349

_____

TIAN JIN ZOU v. HOLDER                    12-177
A077 309 169

_____

JIAN LING CHEN v. HOLDER                  12-1826
A097 740 324

_____

**SHAN YOU ZHENG v. HOLDER,**
**A073 557 742**                                                     **12-2136**

_____

**KONG AN NI, AKA KONG-EN NI**
**v. HOLDER,**                                                        **12-2892**
**A073 765 987**

_____

**LIN FEI XIE v. HOLDER**                                             **12-4675**
**A099 683 978**

_____

**YAN QIN CHEN, AKA SHI NI LIN**                                      **13-357**
**v. HOLDER,**
**A077 309 082**

_____

**XIAO YAN WU, AKA XIAOYAN WU**                                       **13-1793**
**v. HOLDER,**
**A075 955 399**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA that: (1) affirmed a decision of an Immigration Judge ("IJ") denying a motion to reopen; (2) denied a motion to reopen in the first instance; or (3) denied a motion to reconsider the denial of a motion to reopen. The applicable standards of review are well established. _See Jian Hui Shao v. Mukasey_, 546 F.3d 138, 168-69 (2d Cir. 2008); _see also Ke_

*Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90-91 (2d Cir. 2001); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

Petitioners, all natives and citizens of China, filed motions to reopen based on claims that they fear persecution because they have had one or more U.S. citizen children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determinations that the petitioners failed to demonstrate either materially changed country conditions that would excuse the untimely or number-barred filing of their motions or their *prima facie* eligibility for relief. *See id.* at 158-72. While the petitioners in *Jian Hui Shao* were from Fujian Province, in *Jie Lin Chen v. Holder*, 11-2285 **(3)** and *Lin Fei Xie v. Holder*, 12-4675 **(8)**, petitioners are from Zhejiang Province. However, as with the evidence discussed in *Jian Hui Shao*, the evidence relating to Zhejiang Province is insufficient because it does not discuss the use of force in the enforcement of the family planning policy. *See id.* at 160-61, 171-72.

In *Xiu Yan Lin v. Holder*, 11-1993 **(2)**, *Tian Jin Zou v. Holder*, 12-177 **(4)**, *Jian Ling Chen v. Holder*, 12-1826 **(5)**, *Lin Fei Xie v. Holder*, 12-4675 **(8)**, and *Xiao Yan Wu v. Holder*, 13-1793 **(10)**, we find no error in the agency's conclusions that petitioners failed to demonstrate materially changed country conditions with regard to China's treatment of unregistered religious groups or Falun Gong practitioners. *See Jian Hui Shao*, 546 F.3d at 169-72; *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2008). In *Yan Qin Chen v. Holder*, 13-357 **(9)**, the BIA did not err in declining to credit the petitioner's unauthenticated or unsworn individualized evidence in light of the agency's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

Finally, in *Jie Lin Chen v. Holder*, 11-2285 **(3)**, we find no error in the agency's conclusion that petitioner's motion to rescind the IJ's *in absentia* deportation order was untimely, *see* 8 U.S.C. § 1229a(b)(5)(C)(i); *see also* 8 C.F.R. § 1003.23(b)(4)(iii), and that she failed to demonstrate due diligence in pursuing rescission based on her ineffective assistance of counsel claim, *see Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *see also Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk