Singh v. Garland

BIA
A209 387 744

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

LOVEPREET SINGH,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

21-6024
NAC

_____

FOR PETITIONER:     Lawrence Spivak, Jamaica, NY.

FOR RESPONDENT:     Brian M. Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lovepreet Singh, a native and citizen of India, seeks review of a December 14, 2020 decision of the BIA denying his motion to reconsider. *In re Lovepreet Singh,* No. A209 387 744 (B.I.A. Dec. 14, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider "shall specify the errors of law or fact in the previous order." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

The BIA did not abuse its discretion in declining to reverse its prior decision because there was no error in the adverse credibility determination, *i.e.,* substantial evidence

2

supported that determination. *See* 8 U.S.C. § 1229a(c)(6)(C); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The agency's adverse credibility determination was supported by Singh's inconsistent evidence regarding whether he required treatment at a hospital after first being attacked, whether he told people from his party about both his attacks, and whether his father has ever left India. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Thus, the BIA did not abuse its discretion in concluding that Singh had not persuasively shown that reversal of its underlying decision was warranted. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3