11-4540                                                          BIA
Lin v. Holder                                              A029 816 393

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
>        GUIDO CALABRESI,
>        GERARD E. LYNCH,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges*.

_____

XIANG QIN LIN,
>        *Petitioner*,

>        v.                                    11-4540
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Huiyue Qiu, Kerry Bretz, Bretz & Coven, LLP, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Nancy K. Canter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiang Qin Lin, a native and citizen of the People's Republic of China, seeks review of the September 27, 2011 decision of the BIA denying his motion to reconsider. *In re Xiang Qin Lin*, No. A029 816 393 (B.I.A. Sept. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history.

As Lin timely petitioned for review of only the BIA's denial of his motion for reconsideration, we are precluded from considering the merits of the underlying motion to reopen. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). We also lack jurisdiction to consider Lin's argument regarding the propriety of his prior counsel's concession of deportability as it was not sufficiently exhausted. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 117 (2d Cir. 2006).

We have reviewed the denial of Lin's motion to reconsider for abuse of discretion. *See Jin Ming Liu*, 439 F.3d at 111. A motion to reconsider must "specify the errors of law or fact" in the challenged BIA decision and "be supported by pertinent authority." 8 U.S.C.

2

§ 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

In requesting reconsideration, Lin asserted that the BIA erred in failing to consider his argument that the agency lacked jurisdiction to conduct his deportation proceedings and thus should have reopened and terminated those proceedings because, on an identical ground for deportation, he had been placed in parallel deportation proceedings that were later terminated.  However, the BIA did not abuse its discretion in denying reconsideration, reasonably finding that the agency had jurisdiction because: (1) jurisdiction vested with the Immigration Judge ("IJ") upon the filing of the Order to Show Cause in the New York Immigration Court; (2) Lin's appeal of the decision of the New York Immigration Court vested jurisdiction with the BIA; and (3) the regulations do not deprive the IJ or BIA of jurisdiction when there is a separate removal proceeding. *See* 8 C.F.R. §§ 3.1(b)(1)-(3), 3.14(a) (1996); *see also id.* §§ 1003.1(b)(1)-(3), 1003.14(a) (2012).

Although Lin also argues that he was paroled into the United States and thus could not be found deportable, his argument merely asserts error in the underlying order, not a jurisdictional issue.  Because Lin failed to identify an

3

error of fact or law in the BIA's denial of his motion to reopen, the BIA did not abuse its discretion in denying his motion to reconsider.  *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4