11-3102-ag
Qiu v. Holder

BIA
A089 009 110

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of October, two thousand twelve.

PRESENT:
>PIERRE N. LEVAL,
>PETER W. HALL,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

YI XING QIU,
>*Petitioner,*

>v.                                              11-3102-ag
>                                                NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
>*Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; William C. Peachey,
                       Assistant Director; Matthew A.
                       Spurlock, Trial Attorney, Office of
                       Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yi Xing Qiu, a native and citizen of the People's Republic of China, seeks review of the July 13, 2011 order of the BIA denying his motion to reconsider. *In re Yi Xing Qiu*, No. A089 009 110 (B.I.A. July 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As Qiu timely petitioned for review of only the BIA's denial of his motion for reconsideration, the merits of the underlying removal proceedings are not before us. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). A motion to reconsider must "specify errors of fact or law in the [challenged BIA decision] and ... be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6); *see also* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. Mukasey*, 265 F.3d 83, 90 (2d Cir. 2001). We review the denial of a motion to reconsider for abuse of discretion. *Jin Ming Liu*, 439 F.3d at 111.

2

Because Qiu's motion to reconsider simply repeated his previously rejected argument that he had established past persecution based on his "other resistance" to China's family planning policy, the BIA did not abuse its discretion in denying that motion. *See id.* To the extent Qiu contends that the BIA erred in failing to address his claim of economic persecution, his contention is unavailing. In fact, the BIA considered Qiu's testimony that he was fined by Chinese authorities in connection with his attempt to register his second child, and reasonably found that the fine alone, which Qiu paid, did not threaten his life or freedom and thus did not constitute economic persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (holding that, while economic deprivation may constitute persecution, an applicant must show at least a "deliberate imposition of a substantial economic disadvantage" to meet the relevant standard (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot, and the request for oral argument is DENIED in accordance with Federal Rule

3

of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk