Bah v. Holder

BIA
A097 847 391

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

MAMADOU ALIOU BAH,
> *Petitioner,*

> v.                                11-4466
>                                       NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Theodore Vialet, New York, NY.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mamadou Aliou Bah, a native and citizen of Guinea, seeks review of the September 22, 2011, order of the BIA denying his motion to reconsider. *In re Mamadou Aliou Bah*, No. A097 847 391 (B.I.A. Sept. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As Bah has timely petitioned for review of only the BIA's denial of his motion for reconsideration, we are precluded from considering the merits of the underlying motion to reopen his removal proceedings. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). We have reviewed the denial of Bah's motion to reconsider for abuse of discretion. *See id.* A motion to reconsider must "specify errors of fact or law in the [challenged BIA decision] and [] be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

Bah reiterates the argument from his motion to reconsider, that the BIA failed to explicitly consider his argument that he will be persecuted on account of his Fulani ethnicity. While, as the BIA found, it had necessarily rejected that argument in finding his related claim of persecution based on political opinion to be unsupported by the record, the BIA also corrected any potential error by explicitly addressing Bah's ethnic persecution claim in denying reconsideration. The BIA reasonably found that Bah had failed to demonstrate a material change in conditions based on his Fulani ethnicity because: (1) the only documented ethnic persecution came at the hands of government officials that have since been ousted by Bah's own political party; and (2) his evidence, which included unauthenticated and unsworn documents and affidavits not based on personal knowledge, did not overcome or rebut the underlying adverse credibility determination. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (reviewing BIA's consideration of country condition evidence in motion to reopen for substantial evidence); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (noting that the BIA may refuse to credit evidence submitted in a motion

3

to reopen because of an adverse credibility determination in an underlying proceeding).  Accordingly, because Bah failed to identify an error of law or fact in the BIA's denial of this third motion to reopen, the BIA did not abuse its discretion in denying his motion to reconsider.  *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4