11-5161
Ye v. Holder

BIA
A097 852 417

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

_____

TING YE,
> *Petitioner*,

> v.                                          11-5161
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Benjamin B. Xue, New York, New York.

FOR RESPONDENT:        Stuart D. Delery, Acting Assistant
                       Attorney General; Blair T. O'Connor,
                       Assistant Director; Edward C.
                       Durant, Attorney; Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ting Ye, a native and citizen of the People's Republic of China, seeks review of a November 17, 2011, order of the BIA denying Ye's motion to reconsider its February 2011 decision denying her motion to reopen. *In re Ting Ye*, No. A097 852 417 (B.I.A. Nov. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). "An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Ye argues that the BIA abused its discretion when, in February 2011, it denied her motion to reopen. However, because Ye's petition for review was timely only with respect to the BIA's November 2011 decision denying her motion to reconsider, we lack jurisdiction to consider her arguments challenging the BIA's February 2011 decision and dismiss the petition to this extent. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995) (requiring separate timely petitions for review of separate orders of the BIA). Further, because Ye has failed sufficiently to challenge the BIA's November 2011 decision before this Court, we deem any such arguments waived. *See Yueqing Zhang v.* Gonzales, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

2

    For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk