Zhang v. Holder

BIA
Hom, IJ
A098 720 551

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand fifteen.

PRESENT:
>           DENNIS JACOBS,
>           SUSAN L. CARNEY,
>           CHRISTOPHER F. DRONEY,
>                 *Circuit Judges*.

_____

Chun Ming Zhang,
>           *Petitioner*,

>           v.                                        13-2117
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent*.

_____

FOR PETITIONER:         Rakhvir Kaur Dhanoa, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; John S. Hogan, Senior
                        Litigation Counsel; Todd J. Cochran,
                        Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chun Ming Zhang, a native and citizen of the People's Republic of China, seeks review of the May 2, 2013 order of the BIA denying his motion to reconsider the BIA's February 12, 2013 denial of reopening. *In re Chun Ming Zhang*, No. A098 720 551 (B.I.A. May 2, 2013). Although Zhang also appears to seek review of the BIA's underlying denial of his motion to reopen, we do not have jurisdiction to consider that decision because Zhang did not file a separate, timely petition for review. *See Stone v. INS*, 514 U.S. 386, 405 (1995); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Jin Ming Liu*, 439 F.3d at 111. A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna*, 20 I. &

2

N. Dec. 399, 402 n.2 (BIA 1991) (internal quotation marks omitted). The motion must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). The BIA does not abuse its discretion by denying a motion to reconsider that merely repeats arguments that the BIA has previously rejected. *Jin Ming Liu*, 439 F.3d at 111.

We discern no abuse of discretion in the BIA's denial of Zhang's motion to reconsider, which merely renewed the arguments in his motion to reopen and failed to identify any factual or legal errors in the BIA's decision denying reopening. *See id.* Moreover, the BIA's decision denying reopening demonstrates that it considered Zhang's evidence and explained why he did not establish changed country conditions; accordingly, Zhang cannot show that any argument or aspect of his case was overlooked. *See Matter of Cerna*, 20 I. & N. Dec. at 402 n.2. To the extent that Zhang sought to introduce new evidence following the denial of reopening, a motion to reconsider was not the appropriate vehicle by which to do so. *See* 8 C.F.R. § 1003.2(b)(1).

3

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 45%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>