Blaszczyk v. Lynch

BIA
A099 882 834
A088 229 878

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

KRZYSZTOF WOJCIECH BLASZCZYK,
AGNIESZKA ANNA BLASZCZYK,
*Petitioners,*

v.                                          14-154
                                            NAC

LORETTA E. LYNCH,* UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONERS:** Michael E. Piston, Law Offices of Allen E. Kaye, P.C., New York, NY.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Shelley R. Goad, Assistant Director; Monica Antoun, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Krzysztof Wojciech Blaszczyk ("Krzysztof") and Agnieszka Anna Blaszczyk ("Agnieszka") (collectively, "the Blaszczyks"), natives and citizens of Poland, seek review of the December 23, 2013, decision of the BIA denying their motion for reconsideration. *In re Blaszczyk,* Nos. A099 882 834, A088 229 878 (B.I.A. Dec. 23, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the BIA's denial of reconsideration because the Blaszczyks did not petition for review of the BIA's underlying dismissal of their appeal from the IJ's denial of Krzysztof's application to adjust status. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d

2

Cir. 2006). We review the BIA's denial of a reconsideration motion for abuse of discretion. *Id*. Because a motion to reconsider must specify errors of fact or law in the BIA's decision, 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1), the BIA does not abuse its discretion in denying such a motion when it merely repeats arguments that the BIA has previously rejected, *see Jin Ming Liu*, 439 F.3d at 111.

Here, the BIA did not abuse its discretion in denying the Blaszczyks' motion to reconsider its prior decision. In its first decision, the BIA declined to revisit *Matter of Legaspi*, 25 I. & N. Dec. 328 (BIA 2010), under which Krzysztof was ineligible to adjust status to lawful permanent resident pursuant to 8 U.S.C. § 1255(i). And in declining to reconsider, the BIA rejected the Blaszczyks' argument that *Matter of Estrada*, 26 I. & N. Dec. 180 (BIA 2013) was a continuation of the flawed reasoning in *Matter of Legaspi*, and concluded that *Matter of Estrada* would not change the result in their case.

Section 1255(i) makes adjustment of status available to certain applicants who are ineligible to adjust status pursuant to § 1255(a), such as those, like Krzysztof, who

3

fail to maintain continuous lawful status since entering the United States. *See* 8 U.S.C. § 1255(c)(2). In order to adjust status under § 1255(i), the applicant must be a "grandfathered alien," which the statute and agency regulations define as the beneficiary of a visa petition or application for labor certification filed on or before April 30, 2001 (the principal grandfathered alien), or the child or spouse of the principal beneficiary (the derivative grandfathered alien). 8 U.S.C. § 1255(i)(1)(B); 8 C.F.R. § 1245.10(a)(1)(i). In *Matter of Legaspi*, the BIA held that an alien, such as Krzysztof, cannot obtain grandfathered status from a spousal relationship with a derivative grandfathered alien (here, Agnieszka, who derived that status from her father) because the statute "makes clear that it applies only to the beneficiary of the visa petition and to that *principal* alien's spouse or child." 25 I. & N. Dec. at 329-30 (emphasis in original). In *Matter of Estrada*, the BIA held that the spouse or child of a principal grandfathered alien cannot qualify as a derivative grandfathered alien when the spouse or child relationship was established after April 30, 2001. 26 I. & N. Dec. at 184-85.

4

Insofar as the Blaszczyks argued that *Matter of Estrada* was a continuation of the legal error made in deciding *Matter of Legaspi,* they merely repeated previously rejected arguments and the BIA did not abuse its discretion in denying their motion to that extent. *See Jin Ming Liu*, 439 F.3d at 111. Furthermore, the BIA reasonably concluded that *Matter of Estrada* would not change the result in the Blaszczyks' case because *Estrada* applies only to spouses and children of principal grandfathered aliens, and not to spouses of derivative grandfathered aliens, such as Krzysztof. 26 I. & N. Dec. at 184-85.

Finally, contrary to the Blaszczyks' arguments here, both 8 U.S.C. § 1255(i) and the Supplementary Information to the interim rule amending the relevant regulations explicitly include only "a spouse or child of the *principal* alien" as a grandfathered alien. 8 U.S.C. § 1255(i) (emphasis added); *see* Adjustment of Status to That Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 66 Fed. Reg. 16383, 16384 (Mar. 26, 2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

5

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

6