Rodas-Rosales v. Garland

BIA
A202 126 402/403

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER ,
> *Circuit Judges.*

_____

GERSON ELISEO RODAS-ROSALES, M.J.R.G.,
>        *Petitioners*,

>        v.                                    **19-147**
>                                              **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONERS:            Jessica Swenson, Esq., Washington Square Legal Services, Inc., Immigrant Rights Clinic, New York, NY.

FOR RESPONDENT:             Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad,

Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Gerson Eliseo Rodas-Rosales and M.J.R.G., natives and citizens of El Salvador, seek review of a December 20, 2018, decision of the BIA denying their motion to reconsider and terminate removal proceedings. *In re Gerson Eliseo Rodas-Rosales, M.J.R.G.,* Nos. A202 126 402/403 (B.I.A. Dec. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). The BIA did not abuse its discretion in denying Petitioners' motion to reconsider as untimely because it was filed four months after the BIA's denial of reopening and one year after the underlying removal order. *See* 8 U.S.C. § 1229a(c)(6)(B) (providing 30-day deadline for

2

motions to reconsider).

The BIA also did not err in rejecting Petitioners' argument that the time limit should be excused and their removal proceedings terminated in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Petitioners argued that their notices to appear ("NTAs") did not include a hearing date and time and thus were insufficient to commence removal proceedings. We have held, however, "that an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019); *see also Chery v. Garland*, Nos. 18-1036, 18-1835(L), 19-223(Con), --- F.4th ---, 2021 WL 4805217, at *5 (2d Cir. Oct. 15, 2021) (holding that *Banegas Gomez* remains good law after the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021)). Although Petitioners' NTAs did not specify the date and time of their initial hearing, they unquestionably received notice of their hearings at which they appeared. Accordingly, their argument that their NTAs were insufficient

3

to commence removal proceedings under *Pereira* is foreclosed by *Banegas Gomez*, 922 F.3d at 110, 112.

   For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court