23-7552
Galindo Guzman v. Bondi

BIA
Drucker, IJ
A201 078 892

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of February, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

JOAQUIN ASUNCION GALINDO GUZMAN,
> *Petitioner*,

v.

23-7552
NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:** Melinda M. Basaran, B.K. Law Firm, LLC, Clifton, NJ.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Senior Litigation Counsel; Robert P. Coleman III, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Joaquin Asuncion Galindo Guzman, a native and citizen of Mexico, seeks review of an October 3, 2023 decision of the BIA, denying his motion to reconsider its prior denial of his request for administrative closure of his removal proceedings. *In re Galindo Guzman*, No. A 201 078 892 (B.I.A. Oct. 3, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

As the government correctly notes, only the October 2023 denial of reconsideration, not the underlying April 2023 BIA decision, is before us. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam) (explaining that the Court was "precluded from passing on the merits of the underlying . . .

proceedings" where the petition was filed from the denial of reconsideration (quotation marks and citation omitted)); *cf. Castejon-Paz v. Bondi*, 143 F.4th 116, 118 (2d Cir. 2025) (explaining that the 30-day filing deadline for a petition for review is "a claim-processing rule that can be subject to waiver or forfeiture" (citation omitted)).

Thus, we do not reach Galindo Guzman's challenges to the agency's denial of cancellation of removal, and review only whether the BIA abused its discretion in denying his motion to reconsider its rejection of his request for administrative closure. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008) ("We review the denial of a motion to reconsider for abuse of discretion."). A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna*, 20 I. & N. Dec. 399, 402 n.2 (B.I.A. 1991) (quotation marks and citation omitted). Accordingly, a motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).

We find no abuse of discretion in the BIA's denial of Galindo Guzman's motion for reconsideration. Although Galindo Guzman sought reconsideration

3

of the denial of administrative closure, he did not identify a basis for closure. He cited *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326 (A.G. 2021), but that decision identifies the standard for administrative closure, and the referenced standards include consideration of "the reason administrative closure is sought" and "the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings." 28 I. & N. Dec. at 327 n.1. Galindo Guzman has not alleged that he is eligible for relief outside of removal proceedings and has failed to identify a meritorious basis for administrative closure. The unpublished BIA decisions attached to his motion do not persuade us otherwise, as the decisions do not provide details about the underlying proceedings or the bases for the requests for administrative closure, and thus, they fail to demonstrate that the BIA's decision was inconsistent with other Board cases.. Furthermore, Galindo Guzman's motion to reconsider reiterated his request for administrative closure, but did not allege or identify error in the underlying decision as required for reconsideration, i.e., he did not allege that there was evidence that the Department of Homeland Security would exercise prosecutorial discretion to close or terminate his removal proceedings. *See* 8 U.S.C. § 1229a(c)(6)(C).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court